**Order filed February 25, 2020**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00970-CV

_____

## IN THE MATTER OF THE MARRIAGE OF JOSE N. MARADIAGA AND MARIA MARTINEZ

**On Appeal from the 505th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCV-234636**

## ORDER

This is an attempted appeal from a letter ruling dated November 8, 2019. There is no finality language in the purported decree. *See In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (discussing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("This judgment finally disposes of all parties and all claims and is appealable."). Moreover, the ruling expressly anticipates the preparation of a "Final Decree of Divorce and all necessary documents to effectuate the division of property and obligations — either counsel may set for entry as necessary." The underlying proceeding includes a suit affecting the parent-child relationship and

1

the record contains agreed temporary orders signed March 18, 2018. The November 8, 2019, ruling addresses only the division of property, debt, and attorney's fees.

On January 14, 2020, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless on or before January 24, 2020, appellant filed a response demonstrating grounds for continuing the appeal *See* Tex. R. App. P. 42.3(a). Appellant responded; appellee did not reply.

Citing *In re B.D.*, appellant contends the ruling substantially complies with the requisites of a final judgment. No. 05–17–00674–CV, 2017 WL 3765848 (Tex. App.—Dallas Aug. 31, 2017, no pet.) (mem. op.), *abrogated by In re R.R.K*, 590 S.W.3d 535 (Tex. 2019). *In re B.D.* is distinguishable because the ruling in this case requires further action to memorialize it. 2017 WL 3765848, *1. Moreover, in *R.R.K.,* the Supreme Court of Texas held that an order lacking the unmistakable language of finality may be ambiguous in a suit under the Family Code. 590 S.W.3d at 544. The court noted that if a judicial decree's finality is ambiguous, a reviewing court should examine the record to determine the trial court's intent. *Id.*

The reviewing court also may abate the appeal to permit clarification by the trial court. *See Lehmann*, 39 S.W.3d at 206. Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2. Accordingly, we order the case abated and remanded to the trial court so that the parties may seek clarification whether the trial court's ruling

is final and to request further order or orders of the trial court in accordance with *Lehmann*. A supplemental clerk's record containing any such order(s) shall be filed with the clerk of this court within thirty days.

If either party chooses to contest jurisdiction, the court requests any motion for dismissal to be filed with the clerk of this court within ten days (1) after a supplemental clerk's record is filed, or (2) the deadline to file the supplemental clerk's record, if any, whichever occurs first. After examining the appellate record, and on its own initiative after the time to file a supplemental clerk's record has expired, this court may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(b).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket without further order of the court when (1) the supplemental clerk's record is filed in this court, or (2) the deadline to file the supplemental clerk's record has passed, whichever occurs first. This court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.